# Exhibit 6

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 23 2020

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEFFREY RAY GROOMS, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF EVELYN CHRISTINE GROOMS, DECEASED, <br><br> Plaintiff, <br><br> VS. <br><br> THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, ET AL., <br><br> Defendants. | NO. 4:19-CV-364-A |

ORDER

By order signed June 8, 2020, the court noted its concern regarding jurisdiction over this case and ordered the parties to file briefs discussing whether the probate exception or Burford[1] abstention applies. The court has received and reviewed the responses and has determined that the case should be remanded to the probate court from which it was removed.

Pursuant to the probate exception, a federal court lacks jurisdiction to probate a will or administer an estate. See Curtis v. Brunsting, 704 F.3d 406, 408 (5th Cir. 2013). The exception also reserves to state probate courts the disposition of property in the custody of the state probate court. Id., 704 F.3d at 409. To determine whether the probate exception deprives

---

[1] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

the court of jurisdiction, the court considers whether (1) the property in dispute is within the custody of the probate court, and (2) the plaintiff's claims would require the federal court to assume in rem jurisdiction over the property. Id.

In this case, plaintiff, Jeffrey Ray Grooms, filed in the Probate Court No. 1 of Tarrant County, Texas, an application to determine heirship and for independent administration of his mother's estate.[2] He was granted letters of independent administration. Defendants, The Bank of New York Mellon Trust Company, N.A., as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation, sent to plaintiff's attorney a notice of default and intent to accelerate, stating that the death of plaintiff's mother, Evelyn Christine Grooms, constituted an event of default under the terms of a reverse mortgage she had entered into after the death of her husband, Ray Grooms. Defendants posted the property that secured the mortgage loan for foreclosure and plaintiff filed a petition for temporary restraining order, which was docketed as an ancillary proceeding in the probate court. The probate court granted the temporary restraining order and plaintiff posted a cash bond. Defendants then filed a notice of removal, bringing the case before this court on the basis of diversity jurisdiction.

---

[2] Plaintiff is the only child of Ray Grooms, who died intestate on February 8, 2001, and Evelyn Christine Grooms, who died intestate on May 2, 2018.

2

Plaintiff seeks a declaration that the lien sought to be enforced by defendants is not "foreclosure eligible" and is void. He also seeks a declaration of quiet title and to recover damages for defendants' alleged violations of the Texas Finance Code and Texas Deceptive Trade Practices-Consumer Protection Act. Defendants have filed a counterclaim and third-party complaint[3] seeking declaratory judgment that plaintiff's mother was the sole owner of the real property at issue and had the authority to enter into the reverse mortgage at issue. They also seek a judgment for foreclosure of the lien together with an order of sale directing the Tarrant County sheriff or constable to seize and sell the property, among other causes of action.

In Texas, a probate court obtains jurisdiction of a decedent's estate when an administration is opened. Wybrants v. Lehman, 307 S.W.2d 339, 341 (Tex. Civ. App.—Eastland 1957, writ ref'd n.r.e.). It does not lose that jurisdiction until the estate is closed. Hawkins v. Estate of Volkmann, 898 S.W.2d 334, 343 (Tex. App.—San Antonio 1994, writ denied). Although discrete matters may be determined, the administration of the estate from the filing of the application for probate or administration until the decree of final distribution and the discharge of the personal representative is considered as one proceeding for

---

[3] The third-party defendants, Paula Grooms Davis and Michael Grooms, are children of Ray Grooms and a wife who preceded Evelyn Christine Grooms.

3

purposes of jurisdiction. Tex. Estates Code § 32.001(d). "The entire proceeding is a proceeding in rem." Id.

In this case, the record reflects that a one-half interest in the real property at issue is property of the Estate of Evelyn Christine Grooms, which is within the custody of the probate court. (A matter related to a probate proceeding includes an action for trial of title to real property that is estate property, including the enforcement of a lien against the property. Tex. Estates Code §§ 31.002(a)(5) & (c)(1)). Both the claim and counterclaim would require this court to assume in rem jurisdiction over the property. Plaintiff seeks to quiet title and defendants seek to foreclose. Accordingly, the probate exception applies. Marshall v. Marshall, 547 U.S. 293, 311-12 (2006).

The court is also persuaded that Burford abstention would be appropriate in this case. The causes of action arise under state law. The case requires inquiry into unsettled issues of state law regarding reverse mortgages under the Texas Constitution. The State's interest involved and the need for a coherent policy regarding such mortgages are paramount. And, the probate court is the court of original jurisdiction for all matters concerning decedent's estates. Aransas Project v. Shaw, 775 F.3d 641, 649 (5th Cir. 2014); Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 272 (5th Cir. 2009).

4

The court ORDERS that this case be, and is hereby, remanded to the Probate Court No. 1 of Tarrant County, Texas, from which it was removed.

SIGNED June 23, 2020.

_____
JOHN McBRYDE
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 23 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| JEFFREY RAY GROOMS, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF EVELYN CHRISTINE GROOMS, DECEASED, § § § § § | |
| Plaintiff, § | |
| VS. § | NO. 4:19-CV-364-A |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, ET AL., § § § § § | |
| Defendants. § | |

## FINAL JUDGMENT OF REMAND

In accordance with the order signed this date,

The court ORDERS, ADJUDGES, and DECREES that this case be, and is hereby, remanded to the Probate Court No. 1 of Tarrant County, Texas, from which it was removed.

SIGNED June 23, 2020.

_____
JOHN McBRYDE
United States District Judge