# Exhibit 8

E-FILED
TARRANT COUNTY, TEXAS
2/24/2021 1:59 PM
Mary Louise Nicholson
COUNTY CLERK
BY: Melissa Otts

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| JEFFREY RAY GROOMS, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased, | § § § § | IN THE PROBATE COURT |
| Plaintiff, | § § | |
| VS. | § § | NUMBER ONE |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. as Trustee for Mortgage Assets Management Series I Trust, and COMPU-LINK CORPORATION DBA CELINK, | § § § § § § § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## OBJECTION TO DEFENDENTS' DISCOVERY REQUESTS AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Jerry J. Jarzombek, Movant, and files this Objection and Motion for Protective Order, and would respectfully show the Court the following:

### FACTS

1.     On May 1, 2019 Defendants removed this case to the federal court for the Northern District of Texas.  The case was identified in the federal court as Case No. 4:19-cv-00364-A (the 'federal case').

2.     Various proceedings were held in the federal case, under it was remanded to this Court by Order dated June 23, 2020.  *See* Exhibit A.  A corresponding judgment entered the same day.  *See* Exhibit B.

3.     The remand to this Court was based on the probated exception to jurisdiction and the Burford abstention doctrine.  *See* Exhibit A. In the Order of Remand, the Court stated: "Pursuant to the probate exception, a federal court lacks jurisdiction to probate a will or administer an estate. *See*

*Curtis v. Brunsting,* 704 F. 3d 406, 408 (5th Cir. 2013).

4.      The actions taken by Defendants in the federal case include the filing of a counterclaim and the addition of three third-party defendants:  Jeffrey Ray Grooms (individually), Michael Grooms and Paula Grooms Davis.

5.      On January 11, 2021, Defendants served discovery on the Plaintiff and each of the third-party defendants from the federal case, consisting for a Request for Disclosure, Request for Admission, Request for Production and Interrogatories.  The discovery requests for Jeffrey Grooms (individually) are attached as Exhibits C, D, E and F; the discovery requests for Michael Grooms are attached as Exhibits G, H, I and J; and the discovery requests for Paula Grooms Davis are attached as Exhibits K, L, M and N.

6.      By Agreed Order, the Defendants extended the deadline to respond to the discovery until February 24, 2021.

7.      Movant states that these parties have not appeared in this case and seeks relief from having to respond to the non-party discovery.

## ARGUMENTS & AUTHORITIES

8.      Defendants make constant reference to a counterclaim and third-party defendants.  A counterclaim has never been filed in this case, nor has a filing fee been paid for a counterclaim. The register of actions indicates that an ***amended*** counterclaim has been filed, but there is nothing to amend.  The Court could consider the amended counterclaim, as the payment of the filing fee is not jurisdictional. Payment of a statutorily required filing fee "is not generally a prerequisite to jurisdiction, nor does the failure to pay such fees deprive the trial court of jurisdiction over a case." *Nolte v. Flournoy,* 348 S.W.3d 262, 271 (Tex. App.—Texarkana 2011, pet. denied) (citing *J. Allen Family Partners, Ltd. v. Swain,* No. 04-09-00384-CV, 2010 Tex. App. LEXIS 4116 (Tex. App.— San Antonio May 26, 2010, no pet.) (mem. op.)); *see Kapur v. Fondren Southwest Tempos Ass'n,*

No. 01-13-00138-CV, 2013 Tex. App. LEXIS 12776, at *9-10 (Tex. App.—Houston [1st Dist.] Oct. 15, 2013, no pet.) (mem. op.) ("A party need not pay a filing fee for the trial court to exercise jurisdiction over the claims").

9.     Third party practice is different from a counterclaim, and is described in Rule 38 of the Texas Rules of Civil Procedure:

> **(a). When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party petition not later than thirty (30) days after he serves his original answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action. The person served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim under the rules applicable to the defendant, and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 97…..

Tex. R. Civ. P. 38(a).

10.     The record in this case does not contain a citation and petition served on Jeffrey Ray Grooms (individually), Michael Grooms and/or Paula Grooms Davis.  No third-party defendants have ever been added in this case.

11.     The logical anticipated response from Defendants might well be something related to the addition of third-party defendants in the federal case.  On the facts before the Court, the addition of third-party defendants in the federal case does not survive remand – because the federal case was remanded based on a lack of subject matter jurisdiction.  Should the trial court lack subject-matter jurisdiction, any order or judgment rendered by the trial court is void, rather than voidable. *City of Dallas v. Redbird Dev. Corp.,* 143 S.W.3d 375, 380 (Tex. App.—Dallas 2004, no pet.); *In r e United Automobile Ass'n,* 307 S.W.3d 299, 309-10 (Tex. 2010); *Mapco v. Forrest*, 795 S.W.2d 700,703 (Tex. 1990).  The August 20, 2019 order in the federal case permitting the addition of third-party defendants is of no effect in the case before this Court.

12.     As there are no third-party defendants before the Court, Movant seeks relief from having to respond to the voluminous discovery served upon him.  Discovery in a case is served upon parties to the action unless it is clearly discovery to a non-party. The discovery at issue was served on the Movant, purporting to have Movant be the attorney representing each of the n on-parties. The Texas Rules of Civil Procedure define the scope of discovery:

> **(a) Generally.** In general, a ***party*** may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the ***claim or defense of the party seeking discovery or the claim or defense of any other party***. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. [emphasis added].

TEX. R. CIV. P. 192.3(a).

13.     Based on the Texas Rules of Civil Procedure, Defendants' discovery requests served on Movant for Jeffrey Ray Grooms (individually), Michael Grooms and/or Paula Grooms Davis exceed the scope of discovery.

## OBJECTION and MOTION FOR PROTECTIVE ORDER

14.     The Court should order that the non-parties are not required to respond, object, nor assert privileges to the discovery requests attached to this motion as Exhibits C through K, inclusive. Movant objects to the discovery served on him and attached as Exhibit C through K as he is not the attorney for Jeffrey Ray Grooms (individually), Michael Grooms and/or Paula Grooms Davis – as the discovery exceeds the scope of discovery defined in the Texas Rules of Civil Procedure as they have not been added as third-party defendants to this case.  Additionally, the record in this case does not show that Movant represents Jeffrey Ray Grooms (individually), Michael Grooms and/or Paula Grooms Davis.

15.     Alternatively, Movant seeks a protective order to protect him and the non-parties from undue burden, unnecessary expense or annoyance, pursuant to TEX. R. CIV. P. 192.6(b).

Movant asks the Court for an Order relieving him of the need to respond to the discovery, based on TEX. R. CIV. P. 192.6(b)(1).

WHEREFORE, PREMISES CONSIDERED, Jerry J. Jarzombek, Movant, prays that the Court will sustain his objection to Defendants' discovery requests served on him for Jeffrey Ray Grooms (individually), Michael Grooms and/or Paula Grooms Davis, non-parties to this case; grant Movant's Motion for Protective Order, strike Defendants' discovery served on January 11, 2021; find the discovery to be abusive; order that Movant is relieved from any requirement to respond to those discovery requests, and for such other and further relief to which Movant may be justly entitled.

Respectfully submitted,

*/s/Jerry J. Jarzombek*
Jerry J. Jarzombek
State Bar No. 10589050
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

JoAnn H. Means
Lyster Law, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
*joann@lysterlaw.com*
817-738-7000
817-900-3331 Facsimile

ATTORNEYS FOR PLAINTIFF/
COUNTER-DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the forgoing has been served on the following on this the 24th day of February, 2021:

Mr. Mark D. Cronenwett          *mcronenwett@mwzmlaw.com*
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254

*/s/ Jerry J. Jarzombek*
Jerry J. Jarzombek

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 3 2020

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

JEFFREY RAY GROOMS, INDEPENDENT §
ADMINISTRATOR OF THE ESTATE OF §
EVELYN CHRISTINE GROOMS, §
DECEASED, §
§
          Plaintiff, §
§
VS. §      NO. 4:19-CV-364-A
§
THE BANK OF NEW YORK MELLON §
TRUST COMPANY, N.A., AS TRUSTEE §
FOR MORTGAGE ASSETS MANAGEMENT §
SERIES I TRUST, ET AL., §
§
          Defendants. §

ORDER

By order signed June 8, 2020, the court noted its concern

regarding jurisdiction over this case and ordered the parties to

file briefs discussing whether the probate exception or Burford[1]

abstention applies. The court has received and reviewed the

responses and has determined that the case should be remanded to

the probate court from which it was removed.

Pursuant to the probate exception, a federal court lacks

jurisdiction to probate a will or administer an estate. See

Curtis v. Brunsting, 704 F.3d 406, 408 (5th Cir. 2013). The

exception also reserves to state probate courts the disposition

of property in the custody of the state probate court. Id., 704

F.3d at 409. To determine whether the probate exception deprives

---

[1] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

Exhibit A

the court of jurisdiction, the court considers whether (1) the property in dispute is within the custody of the probate court, and (2) the plaintiff's claims would require the federal court to assume in rem jurisdiction over the property. Id.

In this case, plaintiff, Jeffrey Ray Grooms, filed in the Probate Court No. 1 of Tarrant County, Texas, an application to determine heirship and for independent administration of his mother's estate.[2] He was granted letters of independent administration. Defendants, The Bank of New York Mellon Trust Company, N.A., as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation, sent to plaintiff's attorney a notice of default and intent to accelerate, stating that the death of plaintiff's mother, Evelyn Christine Grooms, constituted an event of default under the terms of a reverse mortgage she had entered into after the death of her husband, Ray Grooms. Defendants posted the property that secured the mortgage loan for foreclosure and plaintiff filed a petition for temporary restraining order, which was docketed as an ancillary proceeding in the probate court. The probate court granted the temporary restraining order and plaintiff posted a cash bond. Defendants then filed a notice of removal, bringing the case before this court on the basis of diversity jurisdiction.

---

[2] Plaintiff is the only child of Ray Grooms, who died intestate on February 8, 2001, and Evelyn Christine Grooms, who died intestate on May 2, 2018.

2

Plaintiff seeks a declaration that the lien sought to be enforced by defendants is not "foreclosure eligible" and is void. He also seeks a declaration of quiet title and to recover damages for defendants' alleged violations of the Texas Finance Code and Texas Deceptive Trade Practices-Consumer Protection Act. Defendants have filed a counterclaim and third-party complaint[3] seeking declaratory judgment that plaintiff's mother was the sole owner of the real property at issue and had the authority to enter into the reverse mortgage at issue. They also seek a judgment for foreclosure of the lien together with an order of sale directing the Tarrant County sheriff or constable to seize and sell the property, among other causes of action.

In Texas, a probate court obtains jurisdiction of a decedent's estate when an administration is opened. Wybrants v. Lehman, 307 S.W.2d 339, 341 (Tex. Civ. App.—Eastland 1957, writ ref'd n.r.e.). It does not lose that jurisdiction until the estate is closed. Hawkins v. Estate of Volkmann, 898 S.W.2d 334, 343 (Tex. App.—San Antonio 1994, writ denied). Although discrete matters may be determined, the administration of the estate from the filing of the application for probate or administration until the decree of final distribution and the discharge of the personal representative is considered as one proceeding for

---

[3] The third-party defendants, Paula Grooms Davis and Michael Grooms, are children of Ray Grooms and a wife who preceded Evelyn Christine Grooms.

3

purposes of jurisdiction. Tex. Estates Code § 32.001(d). "The
entire proceeding is a proceeding in rem." Id.

In this case, the record reflects that a one-half interest
in the real property at issue is property of the Estate of
Evelyn Christine Grooms, which is within the custody of the
probate court. (A matter related to a probate proceeding
includes an action for trial of title to real property that is
estate property, including the enforcement of a lien against the
property. Tex. Estates Code §§ 31.002(a)(5) & (c)(1)).  Both the
claim and counterclaim would require this court to assume in rem
jurisdiction over the property. Plaintiff seeks to quiet title
and defendants seek to foreclose. Accordingly, the probate
exception applies. Marshall v. Marshall, 547 U.S. 293, 311-12
(2006).

The court is also persuaded that Burford abstention would
be appropriate in this case. The causes of action arise under
state law. The case requires inquiry into unsettled issues of
state law regarding reverse mortgages under the Texas
Constitution. The State's interest involved and the need for a
coherent policy regarding such mortgages are paramount. And, the
probate court is the court of original jurisdiction for all
matters concerning decedent's estates. Aransas Project v. Shaw,
775 F.3d 641, 649 (5th Cir. 2014); Moore v. State Farm Fire &
Cas. Co., 556 F.3d 264, 272 (5th Cir. 2009).

4

The court ORDERS that this case be, and is hereby, remanded to the Probate Court No. 1 of Tarrant County, Texas, from which it was removed.

SIGNED June 23, 2020.

_____
JOHN McBRYDE
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 23 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

JEFFREY RAY GROOMS, INDEPENDENT §
ADMINISTRATOR OF THE ESTATE OF §
EVELYN CHRISTINE GROOMS, §
DECEASED, §
                                 §
          Plaintiff, §
                                 §
VS. §  NO. 4:19-CV-364-A
                                 §
THE BANK OF NEW YORK MELLON §
TRUST COMPANY, N.A., AS TRUSTEE §
FOR MORTGAGE ASSETS MANAGEMENT §
SERIES I TRUST, ET AL., §
                                 §
          Defendants. §

FINAL JUDGMENT OF REMAND

     In accordance with the order signed this date,

     The court ORDERS, ADJUDGES, and DECREES that this case be,

and is hereby, remanded to the Probate Court No. 1 of Tarrant

County, Texas, from which it was removed.

     SIGNED June 23, 2020.


                              _____
                              JOHN McBRYDE
                              United States District Judge

Exhibit B

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § | **IN THE PROBATE COURT** |
| | § | |
| **Plaintiff / Counter-Defendant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| | § | |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § | |
| | § | |
| **v.** | § | |
| | § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § | |
| | § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## REQUEST FOR DISCLOSURE TO THIRD-PARTY
## <u>DEFENDANT JEFFREY GROOMS, INDIVIDUALLY</u>

**To:    Third-Party Defendant Jeffrey Grooms, Individually, c/o Jerry J. Jarzombek, <u>jerryjj@airmail.net</u>, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Pursuant to Rule 194, you are requested by Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink to disclose within 30 days of service of this request, the information or materials described in Rule 194.2.

---



Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

# I.
# INSTRUCTIONS

In answering this Request for Disclosure, be advised that pursuant to Rule 191.3(a) of the Texas Rules of Civil Procedure, your disclosure must be signed either (1) by an attorney, if you are represented by an attorney, and must show the attorney's State Bar of Texas identification number, address, telephone number, and fax number, if any, or (2) by you, if you are not represented by an attorney, and must show your address, telephone number, and fax number, if any.

Be further advised that pursuant to Texas Rule of Civil Procedure 191.3(b), the signature of any attorney or party on a disclosure constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.  Be further advised that, pursuant to Texas Rule of Civil Procedure 191.3(d), if the response to this Request for Disclosures is not signed, it must be stricken unless it is signed promptly after the omission is called to the attention of the party making the Request for Disclosures.

# II.
# REQUEST FOR DISCLOSURE

1.   Pursuant to Texas Rule of Civil Procedure 194.2(a) disclose the correct names of the parties to the lawsuit:

     **RESPONSE:**

2.   Pursuant to Texas Rule of Civil Procedure 194.2(b) disclose the name, address, and telephone number of any potential parties:

     **RESPONSE:**

3.   Pursuant to Texas Rule of Civil Procedure 194.2(c) disclose the legal theories, and in general, the factual bases of your claims or defenses.

     **RESPONSE:**

4.   Pursuant to Texas Rule of Civil Procedure 194.2(d) disclose the amount and any method of calculating economic damages:

     **RESPONSE:**

5.   Pursuant to Texas Rule of Civil Procedure 194.2(e) disclose the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case:

     **RESPONSE:**

6.      Pursuant to Texas Rule of Civil Procedure 194.2(f) for any testifying expert disclose the following:

      a.      The expert's name, address, and telephone number;

      b.      The subject matter on which the expert will testify;

      c.      The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

      d.      If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

            i.      All documents, tangible things, reports, models, or date compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

            ii.      The expert's current resume and bibliography.

**RESPONSE:**

7.      Pursuant to Texas Rule of Civil Procedure 194.2(g) disclose any discoverable indemnity and insuring agreements:

**RESPONSE:**

8.      Pursuant to Texas Rule of Civil Procedure 194.2(h) disclose any discoverable settlement agreements:

**RESPONSE:**

9.      Pursuant to Texas Rule of Civil Procedure 194.2(i) disclose any discoverable witness statements:

**RESPONSE:**

10.      Pursuant to Texas Rule of Civil Procedure 194.2(j) disclose all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills:

**RESPONSE:**

11.      Pursuant to Texas Rule of Civil Procedure 194.2(k) disclose all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party:

**RESPONSE:**

12.    Pursuant to Texas Rule of Civil Procedure 194.2(l) disclose the name, address, and telephone number of any person who may be designated as a responsible third party:

**RESPONSE:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**DEFENDANTS' REQUESTS FOR ADMISSIONS TO THIRD-PARTY**
**DEFENDANT JEFFREY RAY GROOMS, INDIVIDUALLY**

**To:   Third-Party Defendant Jeffrey Grooms, Individually, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Jeffrey Grooms, Individually, answer in writing and under oath the following Requests for Admissions within thirty (30) days from the date of service hereof. A failure to respond may result in deemed admissions.



Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 North Dallas Parkway, Suite 900
    Dallas, Texas 75254
    Telephone: 214-635-2650
    Facsimile: 214-635-2686

    *Attorneys for Defendants/Counter-Plaintiffs/*
    *Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**

## DEFINITIONS

1. "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

2. "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

3. "Defendants" shall mean BNYM and Celink.

4. "You," "Your," or "Yourself," means Third-Party Defendant Jeffrey Grooms, Individually, and your agents and representatives.

5. The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

6. "Third-Party Defendants" shall mean Jeffrey Ray Grooms, Individually, Paula Grooms Davis, and Michael Grooms.

7. "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

8. "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

   > LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

9. "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

10. "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

11. "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

12.    The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

13.    "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

14.    "Or" and "and" mean and/or.

15.    The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Admit that that you are not a party to the Loan.

**RESPONSE:**

**REQUEST NO. 2:** Admit the full and correct legal name of Ray Grooms is Jalmer Ray Grooms.

**RESPONSE:**

**REQUEST NO. 3:** Admit the full and correct legal name of Christine Grooms is Evelyn Christine Grooms.

**RESPONSE:**

**REQUEST NO. 4:** Admit the Affidavit of Heirship, recorded in the Official Public Records of

Tarrant County, Texas at Instrument No. D201272988, contains the sole following real property

description:

>    LOT 19, 20, AND 21, MEADOW PARK ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-B, PAGE 209, PLAT RECORDS, TARRANT COUNTY, TEXAS.

**RESPONSE:**

**REQUEST NO. 5:** Admit that Christine Grooms entered into a *Texas Home Equity Conversion Loan Agreement* with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 6:** Admit Christine Grooms executed the Note on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 7:** Admit Christine Grooms executed the Deed of Trust on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 8:** Admit Christine Grooms executed an *Adjustable Rate Second Note (Home Equity Conversion)* on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 9:** Admit Christine Grooms executed an *Adjustable Rate Home Equity Conversion Second Deed of Trust* on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 10:** Admit Christine Grooms held herself out to be the sole owner of the Property when she entered into the Loan.

**RESPONSE:**

**REQUEST NO. 11:** Admit you knew about the Loan on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 12:** Admit you consented to the Loan.

**RESPONSE:**

**REQUEST NO. 13:** Admit you consented to the Lien created by the Deed of Trust.

**RESPONSE:**

**REQUEST NO. 14:** Admit Christine Grooms died on May 2, 2018.

**RESPONSE:**

**REQUEST NO. 15:** Admit Christine Grooms died without a will and testament.

**RESPONSE:**

**REQUEST NO. 16:** Admit Defendants advanced funds to pay the *ad valorem* taxes on the Property in the amount of $404.05 on December 20, 2018.

**RESPONSE:**

**REQUEST NO. 17:** Defendants advanced funds to pay the *ad valorem* taxes on the Property in the amount of $464.96 on December 13, 2019.

**RESPONSE:**

**REQUEST NO. 18:** Admit Defendants have not foreclosed or sold the Property as of the date of your responses hereto.

**RESPONSE:**

**REQUEST NO. 19:** Admit you have not made any payments under the Loan Agreement.

**RESPONSE:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO THIRD-PARTY DEFENDANT JEFFREY RAY GROOMS, INDIVIDUALLY

**To:  Third-Party Defendant Jeffrey Ray Grooms, Individually, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Jeffrey Ray Grooms, Individually, produce for inspection, copying, or photographing the following described documents and/or tangible things. Said production and inspection is to be made at the office of Defendants' attorneys during regular business hours on or before thirty (30) days after



service of these Requests for Production upon you. In the alternative, you may attach to your

Response the original or duplicate of the documents and/or tangible things requested.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**

## DEFINITIONS AND INSTRUCTIONS

1.  The term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter, photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees. Please note that "document" is also used to include documents, information or data on computer storage, data on computer disks, data stored on computer backup, electronic mail messages and other electronic correspondence, disks, electronic or magnetic recordings, Internet transmissions, Intranet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and other information stored in, or accessible through computers, lap tops, hard drives, disks, or other information storage retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

2.  "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

3.  "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

4.  "Defendants" shall mean BNYM and Celink.

5.  "You," "Your," or "Yourself," means Third-Party Defendant Jeffrey Ray Grooms, Individually and your agents and representatives.

6.  The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

7. "Plaintiff" shall mean and refer to Plaintiff/Counter-Defendant Jeffrey Ray Grooms, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased.

8. "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

9. "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

10. "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

11. "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

12. "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

13. The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

14. "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

15. "Or" and "and" mean and/or.

16. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

17. "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint ventures, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

18.     "Relate" or "relating to" includes referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

19.     You are to supplement or amend the Responses you give to this Request for Production as required by the Texas Rules of Civil Procedure.

20.     You are required to produce all documents requested within your possession, custody or control.  Possession, custody or control includes constructive possession such that the person need not have actual physical possession.  As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

21.     If any document was, but is no longer, in your possession, custody or control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

22.     If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each document:

    a)      Identify the document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name and business address of its custodian.

    b)      Specify the precise nature of the privilege claimed.

23.     To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests.  If you or your attorneys claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

24.     This discovery request is continuing.  In the event that any information or material responsive to any Request comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family members, directors, or attorneys subsequent to the filing of your response, you are required to furnish the additional information, answers, or material to the opposing attorney as soon as possible.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST NO. 1:</u>**  Produce all documents referenced in any of your responses to the Interrogatories from Defendants.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 2:</u>**  All documents which relate to the factual allegations in your First Amended Complaint, or any subsequent amendment or supplement thereto, including without limitation, written or recorded statements.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 3:</u>** Each and every document, including records and emails, photographs, slides, pictures, videotapes, audiotapes, or other visual or graphic representations you intend to offer at the trial of this cause, including demonstrative exhibits.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 4:</u>**  Any and all documents which originated or emanated from BNYM and/or Celink, or which you contend would be construed as a document of Defendants that is in your possession, your attorney's possession, or the possession of anyone assisting you in this case.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 5:</u>**  All documents evidencing or reflecting any communication by and between you and BNYM or any representative of BNYM related to the Loan or the Property.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 6:</u>**  All documents evidencing or reflecting any communication by and between you and Celink or any representative of Celink related to the Loan or the Property.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 7:</u>**  All documents evidencing or reflecting any communication by and between you and Plaintiff related to the Loan or the Property.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 8:</u>**  All documents, checks, coupons, or other financial statements, reflecting or evidencing the date, time, and/or amount of any or all payments made for *ad valorem* taxes on the Property from January 17, 2006 to date.

**RESPONSE:**

**REQUEST NO. 9:**  With regard to all testifying experts that you intend to use in this case, all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony.

**RESPONSE:**

**REQUEST NO. 10:**  With regard to all testifying experts that you intend to use in this case, the expert's current resume, curriculum vitae, and/or bibliography.

**RESPONSE:**

**REQUEST NO. 11:**  Produce all information, materials, data compilations or documents reviewed or relied on in whole or in part by each expert whom you may call to testify at trial.

**RESPONSE:**

**REQUEST NO. 12:**  All the trial exhibits that you intend to use in this case.

**RESPONSE:**

**REQUEST NO. 13:**  All documents evidencing any alleged wrongdoing that you contend that BNYM and/or Celink engaged in.

**RESPONSE:**

**REQUEST NO. 14:**  All documents relating to or substantiating your claims for monetary damages.

**RESPONSE:**

**REQUEST NO. 15:**  All documents that constitute, evidence, refer or relate to any agreement or plan, whether oral or written, concerning any contingency fee arrangement and/or the payment of attorney fees in connection with this case.

**RESPONSE:**

**REQUEST NO. 16:**  All time records, including contemporaneous time sheets setting forth descriptions of the work performed on this case for which you or your attorneys will seek attorneys' fees.

**RESPONSE:**

**REQUEST NO. 17:** All documents evidencing or reflecting any communication by and between you and Plaintiff related to the Affidavit of Heirship.

**RESPONSE:**

**REQUEST NO. 18:** All documents that evidence, refer, or relate to any foreclosure proceeding against any Estate property, other than the subject Property at 801 Ala Drive, including any foreclosure proceeding that was threatened and/or anticipated but did not take place.

**RESPONSE:**

**REQUEST NO. 19:** All documents that evidence, refer, or relate to real property owned in whole or in part by Jalmer Ray Grooms prior to his death, other than the subject Property at 801 Ala Drive.

**RESPONSE:**

**REQUEST NO. 20:** All documents that evidence, refer, or relate to real property owned in whole or in part by Evelyn Christine Grooms prior to her death, subject Property at 801 Ala Drive.

**RESPONSE:**

**REQUEST NO. 21:** All notices of default, acceleration, or foreclosure that you received concerning the Property or Loan.

**RESPONSE:**

**REQUEST NO. 22:** All documents reflecting the payment, in whole or in part, of any debts, whether secured or unsecured, specifically from the proceeds of the Loan.

**RESPONSE:**

**REQUEST NO. 23:** If any funds/proceeds from the Loan were used to make repairs, changes, or improvements to the Property, produce all documents, checks, receipts, or other documentation reflecting same.

**RESPONSE:**

**REQUEST NO. 24:** Any and all documents tending to support your claim the original lender on the Loan, Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., had knowledge or was aware of Plaintiff's alleged interest in the Property as of January 17, 2006.

**RESPONSE:**

**REQUEST NO. 25:**   Any and all documents tending to support your claim Defendants had knowledge or were aware of Plaintiff's or Third-Party Defendants' alleged interest in the Property prior to the death of Evelyn Christine Grooms.

**RESPONSE:**

**REQUEST NO. 26:**  All documents that support your claim that "Defendants continue to make demands for payment despite not responding to the February 19, 2019 dispute."

**RESPONSE:**

**REQUEST NO. 27:**   All documents that support your claim that not all owners of the Property and their spouses consented to the Deed of Trust lien.

**RESPONSE:**

**REQUEST NO. 28:**   All documents that support your claim that Defendants intended to abuse you or cause a serious upset of your daily life.

**RESPONSE:**

## CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

### DEFENDANTS' FIRST INTERROGATORIES TO THIRD-PARTY DEFENDANT JEFFREY RAY GROOMS, INDIVIDUALLY

**To:    Third-Party Defendant Jeffrey Grooms, Individually, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Jeffrey Grooms, Individually, answer in writing and under oath the following set of Interrogatories within thirty (30) days from the date of service hereof.

---


Exhibit F

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**

## DEFINITIONS AND INSTRUCTIONS

1.  The term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter, photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees. Please note that "document" is also used to include documents, information or data on computer storage, data on computer disks, data stored on computer backup, electronic mail messages and other electronic correspondence, disks, electronic or magnetic recordings, Internet transmissions, Intranet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and other information stored in, or accessible through computers, lap tops, hard drives, disks, or other information storage retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

2.  "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

3.  "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

4.  "Defendants" shall mean BNYM and Celink.

5.  "You," "Your," or "Yourself," means Third-Party Defendant Jeffrey Grooms, Individually, and your agents and representatives.

6.  The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

7.     "Plaintiff" shall mean and refer to Plaintiff/Counter-Defendant Jeffrey Ray Grooms, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased.

8.     "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

9.     "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

10.    "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

11.    "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

12.    "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

13.    The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

14.    "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

15.    "Or" and "and" mean and/or.

16.    The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

17.    "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint ventures, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

18.     "Relate" or "relating to" includes referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

19.     As to any Interrogatory that you refuse to answer or are unable to answer in whole or in part, for any reason, please state the grounds for your refusal or inability to answer. When you believe that a complete answer to a particular Interrogatory or part thereof is not possible, please answer each Interrogatory to the extent possible and furnish a statement explaining: (a) the reason for your inability to answer further; and (b) whatever information or knowledge you have concerning the unanswered portion.

20.     Furnish all information available to you and known by you, or in your possession, care, custody or control, or possession, care, custody, or control of your agents and/or attorneys, or appearing in your records.

21.     You shall supplement your answers or other responses to these Interrogatories.

22.     Should you exercise your option to produce business records in response to an Interrogatory, you shall specify with particularity the location and identity of the business records where the information requested is found.  Such production of documents does not satisfy the obligation to answer an Interrogatory if information within the scope of the Interrogatory other than that contained in the documents is available to you.

23.     You shall quote each Interrogatory in full immediately preceding the corresponding response.  Each answer, objection, or response to the Interrogatories shall be identified by the same number and subpart of the corresponding Interrogatory and shall appear in the same order as the corresponding Interrogatory.  Subparts of each Interrogatory shall be answered separately to avoid overlooking part of the question.

24.     If a document responsive to any Interrogatory has been lost, mutilated, or destroyed, so state and identify each such document, and state to which Interrogatory(ies) the document would have been responsive.

25.     The definitions listed above are to be construed as broadly as possible to include the most information or documents responsive to the discovery requests propounded herein.

26.     To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests.  If you or your attorneys claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

27.     This discovery request is continuing.  In the event that any information or material responsive to any Interrogatory or request for production comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family

members, directors, or attorneys subsequent to the filing of your response, you are required to furnish the additional information, answers, or material to the opposing attorney as soon as possible.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name and address of all persons whom you know or believe to have personal knowledge or discoverable information, factual information, documents, photographs or audio or visual information pertaining to any fact that relates in any way to any issue in this case, including those persons who may have impeaching information.  For each such person, describe the subject or topic of the person's knowledge and identify whether you will call this person as a witness at trial.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify all persons you may or will call as a witness at the trial of this case including their current address, phone number and place of employment.

**ANSWER:**

**INTERROGATORY NO. 3:**  List each and every instance when you, or someone acting on your behalf, contacted, whether by phone, email or other written correspondence BNYM or Celink regarding the issues which are the subject of this suit and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please list each and every instance when BNYM, Celink, or someone acting on their behalf, contacted you in any manner regarding the issues which are the subject of this suit and, for each instance, state the date of such contact, the representative who made the contact and the substance of any such communication.

**ANSWER:**

**INTERROGATORY NO. 5:**  Identify each and every real property parcel, by street address and legal description, in which you have or had any partial or whole ownership interest from February 8, 2001 to date, including the dates when the ownership interest began and when it terminated, of applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**  Identify the date you first learned Christine Grooms took out the Loan, including in your answer the manner by which you discovered the existence of the Loan.

**ANSWER:**

**INTERROGATORY NO. 7:**  Identify the date of and manner by which you first learned you may have an ownership interest in the Property.

**ANSWER:**

**INTERROGATORY NO. 8:**  If you were married on January 17, 2006, identify your spouse and the dates of the marriage.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify each and every instance when you, or someone acting on your behalf, communicated with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. regarding the Loan or the Property and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each and every instance when you, or someone acting on your behalf, communicated with Edward Scoular, P.E. or Independent Foundation Engineers, Inc. regarding the Property and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify each and every instance when you, or someone acting on your behalf, communicated with a contractor regarding repairs for the Property and, for each instance, identify the contractor, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication

**ANSWER:**

## CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## REQUEST FOR DISCLOSURE TO
## THIRD-PARTY DEFENDANT MICHAEL GROOMS

**To:** **Third-Party Defendant Michael Grooms, c/o Jerry J. Jarzombek,** jerryjj@airmail.net**, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Pursuant to Rule 194, you are requested by Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink to disclose within 30 days of service of this request, the information or materials described in Rule 194.2.

---

**Exhibit G**

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

# I.
# INSTRUCTIONS

In answering this Request for Disclosure, be advised that pursuant to Rule 191.3(a) of the Texas Rules of Civil Procedure, your disclosure must be signed either (1) by an attorney, if you are represented by an attorney, and must show the attorney's State Bar of Texas identification number, address, telephone number, and fax number, if any, or (2) by you, if you are not represented by an attorney, and must show your address, telephone number, and fax number, if any.

Be further advised that pursuant to Texas Rule of Civil Procedure 191.3(b), the signature of any attorney or party on a disclosure constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made. Be further advised that, pursuant to Texas Rule of Civil Procedure 191.3(d), if the response to this Request for Disclosures is not signed, it must be stricken unless it is signed promptly after the omission is called to the attention of the party making the Request for Disclosures.

# II.
# REQUEST FOR DISCLOSURE

1. Pursuant to Texas Rule of Civil Procedure 194.2(a) disclose the correct names of the parties to the lawsuit:

   **RESPONSE:**

2. Pursuant to Texas Rule of Civil Procedure 194.2(b) disclose the name, address, and telephone number of any potential parties:

   **RESPONSE:**

3. Pursuant to Texas Rule of Civil Procedure 194.2(c) disclose the legal theories, and in general, the factual bases of your claims or defenses.

   **RESPONSE:**

4. Pursuant to Texas Rule of Civil Procedure 194.2(d) disclose the amount and any method of calculating economic damages:

   **RESPONSE:**

5. Pursuant to Texas Rule of Civil Procedure 194.2(e) disclose the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case:

   **RESPONSE:**

6.     Pursuant to Texas Rule of Civil Procedure 194.2(f) for any testifying expert disclose the following:

   a.   The expert's name, address, and telephone number;
   b.   The subject matter on which the expert will testify;
   c.   The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
   d.   If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      i.    All documents, tangible things, reports, models, or date compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
      ii.   The expert's current resume and bibliography.

   **RESPONSE:**

7.     Pursuant to Texas Rule of Civil Procedure 194.2(g) disclose any discoverable indemnity and insuring agreements:

   **RESPONSE:**

8.     Pursuant to Texas Rule of Civil Procedure 194.2(h) disclose any discoverable settlement agreements:

   **RESPONSE:**

9.     Pursuant to Texas Rule of Civil Procedure 194.2(i) disclose any discoverable witness statements:

   **RESPONSE:**

10.    Pursuant to Texas Rule of Civil Procedure 194.2(j) disclose all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills:

   **RESPONSE:**

11.    Pursuant to Texas Rule of Civil Procedure 194.2(k) disclose all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party:

   **RESPONSE:**

12.   Pursuant to Texas Rule of Civil Procedure 194.2(l) disclose the name, address, and telephone number of any person who may be designated as a responsible third party:

**RESPONSE:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANTS' REQUESTS FOR ADMISSIONS
## TO THIRD-PARTY DEFENDANT MICHAEL GROOMS

**To:** **Third-Party Defendant Michael Grooms, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Michael Grooms, answer in writing and under oath the following Requests for Admissions within thirty (30) days from the date of service hereof. A failure to respond may result in deemed admissions.



Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

## DEFINITIONS

1.  "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

2.  "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

3.  "Defendants" shall mean BNYM and Celink.

4.  "You," "Your," or "Yourself," means Third-Party Defendant Michael Grooms, and your agents and representatives.

5.  The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

6.  "Third-Party Defendants" shall mean Jeffrey Ray Grooms, Individually, Paula Grooms Davis, and Michael Grooms.

7.  "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

8.  "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

    > LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

9.  "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

10. "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

11. "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

12.     The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

13.     "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

14.     "Or" and "and" mean and/or.

15.     The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Admit that that you are not a party to the Loan.

**RESPONSE:**

**REQUEST NO. 2:** Admit the full and correct legal name of Ray Grooms is Jalmer Ray Grooms.

**RESPONSE:**

**REQUEST NO. 3:** Admit the full and correct legal name of Christine Grooms is Evelyn Christine Grooms.

**RESPONSE:**

**REQUEST NO. 4:** Admit the Affidavit of Heirship, recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988, contains the sole following real property description:

> LOT 19, 20, AND 21, MEADOW PARK ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-B, PAGE 209, PLAT RECORDS, TARRANT COUNTY, TEXAS.

**RESPONSE:**

**REQUEST NO. 5:** Admit that Christine Grooms entered into a *Texas Home Equity Conversion Loan Agreement* with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 6:** Admit Christine Grooms executed the Note on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 7:** Admit Christine Grooms executed the Deed of Trust on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 8:** Admit Christine Grooms executed an *Adjustable Rate Second Note (Home Equity Conversion)* on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 9:** Admit Christine Grooms executed an *Adjustable Rate Home Equity Conversion Second Deed of Trust* on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 10:** Admit Christine Grooms held herself out to be the sole owner of the Property when she entered into the Loan.

**RESPONSE:**

**REQUEST NO. 11:** Admit you knew about the Loan on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 12:** Admit you consented to the Loan.

**RESPONSE:**

**REQUEST NO. 13:** Admit you consented to the Lien created by the Deed of Trust.

**RESPONSE:**

**REQUEST NO. 14:** Admit Christine Grooms died on May 2, 2018.

**RESPONSE:**

**REQUEST NO. 15:** Admit Christine Grooms died without a will and testament.

**RESPONSE:**

**REQUEST NO. 16:** Admit Defendants advanced funds to pay the *ad valorem* taxes on the Property in the amount of $404.05 on December 20, 2018.

**RESPONSE:**

**REQUEST NO. 17:** Defendants advanced funds to pay the *ad valorem* taxes on the Property in the amount of $464.96 on December 13, 2019.

**RESPONSE:**

**REQUEST NO. 18:** Admit Defendants have not foreclosed or sold the Property as of the date of your responses hereto.

**RESPONSE:**

**REQUEST NO. 19:** Admit you have not made any payments under the Loan Agreement.

**RESPONSE:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent** | § | **IN THE PROBATE COURT** |
| **Administrator the Estate of Evelyn** | § | |
| **Christine Grooms, Deceased,** | § | |
| | § | |
| **Plaintiff / Counter-Defendant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **TRUST COMPANY, N.A., AS TRUSTEE** | § | |
| **FOR MORTGAGE ASSETS** | § | |
| **MANAGEMENT SERIES I TRUST, and** | § | |
| **COMPU-LINK CORPORATION dba** | § | **NO. 1** |
| **CELINK,** | § | |
| | § | |
| **Defendants / Counter-Plaintiffs /** | § | |
| **Third-Party Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JEFFREY RAY GROOMS, Individually,** | § | |
| **PAULA GROOMS DAVIS, and** | § | |
| **MICHAEL GROOMS,** | § | |
| | § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO THIRD-PARTY DEFENDANT MICHAEL GROOMS

**To:    Third-Party Defendant Michael Grooms, Individually, c/o Jerry J. Jarzombek,** jerryjj@airmail.net**, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon

Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-

Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant

Michael Grooms, produce for inspection, copying, or photographing the following described

documents and/or tangible things. Said production and inspection is to be made at the office of

Defendants' attorneys during regular business hours on or before thirty (30) days after service of

---



these Requests for Production upon you. In the alternative, you may attach to your Response the original or duplicate of the documents and/or tangible things requested.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

## DEFINITIONS AND INSTRUCTIONS

1.    The term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter, photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees. Please note that "document" is also used to include documents, information or data on computer storage, data on computer disks, data stored on computer backup, electronic mail messages and other electronic correspondence, disks, electronic or magnetic recordings, Internet transmissions, Intranet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and other information stored in, or accessible through computers, lap tops, hard drives, disks, or other information storage retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

2.    "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

3.    "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

4.    "Defendants" shall mean BNYM and Celink.

5.    "You," "Your," or "Yourself," means Third-Party Defendant Michael Grooms, and your agents and representatives.

6.    The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

7.      "Plaintiff" shall mean and refer to Plaintiff/Counter-Defendant Jeffrey Ray Grooms, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased.

8.      "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

9.      "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

10.     "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

11.     "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

12.     "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

13.     The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

14.     "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

15.     "Or" and "and" mean and/or.

16.     The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

17.     "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint ventures, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

18.     "Relate" or "relating to" includes referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

19.     You are to supplement or amend the Responses you give to this Request for Production as required by the Texas Rules of Civil Procedure.

20.     You are required to produce all documents requested within your possession, custody or control.  Possession, custody or control includes constructive possession such that the person need not have actual physical possession.  As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

21.     If any document was, but is no longer, in your possession, custody or control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

22.     If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each document:

    a)      Identify the document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name and business address of its custodian.

    b)      Specify the precise nature of the privilege claimed.

23.     To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests.  If you or your attorneys claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

24.     This discovery request is continuing.  In the event that any information or material responsive to any Request comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family members, directors, or attorneys subsequent to the filing of your response, you are required to furnish the additional information, answers, or material to the opposing attorney as soon as possible.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST NO. 1</u>:**  Produce all documents referenced in any of your responses to the Interrogatories from Defendants.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 2</u>:**  All documents which relate to the factual allegations in your First Amended Complaint, or any subsequent amendment or supplement thereto, including without limitation, written or recorded statements.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 3</u>:**  Each and every document, including records and emails, photographs, slides, pictures, videotapes, audiotapes, or other visual or graphic representations you intend to offer at the trial of this cause, including demonstrative exhibits.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 4</u>:**  Any and all documents which originated or emanated from BNYM and/or Celink, or which you contend would be construed as a document of Defendants that is in your possession, your attorney's possession, or the possession of anyone assisting you in this case.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 5</u>:**  All documents evidencing or reflecting any communication by and between you and BNYM or any representative of BNYM related to the Loan or the Property.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 6</u>:**  All documents evidencing or reflecting any communication by and between you and Celink or any representative of Celink related to the Loan or the Property.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 7</u>:**  All documents evidencing or reflecting any communication by and between you and Plaintiff related to the Loan or the Property.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 8</u>:**  All documents, checks, coupons, or other financial statements, reflecting or evidencing the date, time, and/or amount of any or all payments made for *ad valorem* taxes on the Property from January 17, 2006 to date.

**RESPONSE:**

**REQUEST NO. 9:** With regard to all testifying experts that you intend to use in this case, all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony.

**RESPONSE:**

**REQUEST NO. 10:** With regard to all testifying experts that you intend to use in this case, the expert's current resume, curriculum vitae, and/or bibliography.

**RESPONSE:**

**REQUEST NO. 11:** Produce all information, materials, data compilations or documents reviewed or relied on in whole or in part by each expert whom you may call to testify at trial.

**RESPONSE:**

**REQUEST NO. 12:** All the trial exhibits that you intend to use in this case.

**RESPONSE:**

**REQUEST NO. 13:** All documents evidencing any alleged wrongdoing that you contend that BNYM and/or Celink engaged in.

**RESPONSE:**

**REQUEST NO. 14:** All documents relating to or substantiating your claims for monetary damages.

**RESPONSE:**

**REQUEST NO. 15:** All documents that constitute, evidence, refer or relate to any agreement or plan, whether oral or written, concerning any contingency fee arrangement and/or the payment of attorney fees in connection with this case.

**RESPONSE:**

**REQUEST NO. 16:** All time records, including contemporaneous time sheets setting forth descriptions of the work performed on this case for which you or your attorneys will seek attorneys' fees.

**RESPONSE:**

**REQUEST NO. 17:** All documents evidencing or reflecting any communication by and between you and Plaintiff related to the Affidavit of Heirship.

**RESPONSE:**

**REQUEST NO. 18:** All documents that evidence, refer, or relate to any foreclosure proceeding against any Estate property, other than the subject Property at 801 Ala Drive, including any foreclosure proceeding that was threatened and/or anticipated but did not take place.

**RESPONSE:**

**REQUEST NO. 19:** All documents that evidence, refer, or relate to real property owned in whole or in part by Jalmer Ray Grooms prior to his death, other than the subject Property at 801 Ala Drive.

**RESPONSE:**

**REQUEST NO. 20:** All documents that evidence, refer, or relate to real property owned in whole or in part by Evelyn Christine Grooms prior to her death, subject Property at 801 Ala Drive.

**RESPONSE:**

**REQUEST NO. 21:** All notices of default, acceleration, or foreclosure that you received concerning the Property or Loan.

**RESPONSE:**

**REQUEST NO. 22:** All documents reflecting the payment, in whole or in part, of any debts, whether secured or unsecured, specifically from the proceeds of the Loan.

**RESPONSE:**

**REQUEST NO. 23:** If any funds/proceeds from the Loan were used to make repairs, changes, or improvements to the Property, produce all documents, checks, receipts, or other documentation reflecting same.

**RESPONSE:**

**REQUEST NO. 24:** Any and all documents tending to support your claim the original lender on the Loan, Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., had knowledge or was aware of Plaintiff's alleged interest in the Property as of January 17, 2006.

**RESPONSE:**

**REQUEST NO. 25:** Any and all documents tending to support your claim Defendants had knowledge or were aware of Plaintiff's or Third-Party Defendants' alleged interest in the Property prior to the death of Evelyn Christine Grooms.

**RESPONSE:**

**REQUEST NO. 26:** All documents that support your claim that "Defendants continue to make demands for payment despite not responding to the February 19, 2019 dispute."

**RESPONSE:**

**REQUEST NO. 27:** All documents that support your claim that not all owners of the Property and their spouses consented to the Deed of Trust lien.

**RESPONSE:**

**REQUEST NO. 28:** All documents that support your claim that Defendants intended to abuse you or cause a serious upset of your daily life.

**RESPONSE:**

## CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANTS' FIRST INTERROGATORIES TO
## THIRD-PARTY DEFENDANT MICHAEL GROOMS

**To:    Third-Party Defendant Michael Grooms, Individually, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Michael Grooms, answer in writing and under oath the following set of Interrogatories within thirty (30) days from the date of service hereof.

**Exhibit J**

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 North Dallas Parkway, Suite 900
    Dallas, Texas 75254
    Telephone: 214-635-2650
    Facsimile: 214-635-2686

    *Attorneys for Defendants/Counter-Plaintiffs/*
    *Third-Party Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**

## DEFINITIONS AND INSTRUCTIONS

1.  The term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter, photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees. Please note that "document" is also used to include documents, information or data on computer storage, data on computer disks, data stored on computer backup, electronic mail messages and other electronic correspondence, disks, electronic or magnetic recordings, Internet transmissions, Intranet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and other information stored in, or accessible through computers, lap tops, hard drives, disks, or other information storage retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

2.  "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

3.  "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

4.  "Defendants" shall mean BNYM and Celink.

5.  "You," "Your," or "Yourself," means Third-Party Defendant Michael Grooms, and your agents and representatives.

6.  The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

7.      "Plaintiff" shall mean and refer to Plaintiff/Counter-Defendant Jeffrey Ray Grooms, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased.

8.      "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

9.      "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

10.     "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

11.     "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

12.     "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

13.     The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

14.     "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

15.     "Or" and "and" mean and/or.

16.     The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

17.     "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint ventures, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

18. "Relate" or "relating to" includes referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

19. As to any Interrogatory that you refuse to answer or are unable to answer in whole or in part, for any reason, please state the grounds for your refusal or inability to answer. When you believe that a complete answer to a particular Interrogatory or part thereof is not possible, please answer each Interrogatory to the extent possible and furnish a statement explaining: (a) the reason for your inability to answer further; and (b) whatever information or knowledge you have concerning the unanswered portion.

20. Furnish all information available to you and known by you, or in your possession, care, custody or control, or possession, care, custody, or control of your agents and/or attorneys, or appearing in your records.

21. You shall supplement your answers or other responses to these Interrogatories.

22. Should you exercise your option to produce business records in response to an Interrogatory, you shall specify with particularity the location and identity of the business records where the information requested is found.  Such production of documents does not satisfy the obligation to answer an Interrogatory if information within the scope of the Interrogatory other than that contained in the documents is available to you.

23. You shall quote each Interrogatory in full immediately preceding the corresponding response.  Each answer, objection, or response to the Interrogatories shall be identified by the same number and subpart of the corresponding Interrogatory and shall appear in the same order as the corresponding Interrogatory.  Subparts of each Interrogatory shall be answered separately to avoid overlooking part of the question.

24. If a document responsive to any Interrogatory has been lost, mutilated, or destroyed, so state and identify each such document, and state to which Interrogatory(ies) the document would have been responsive.

25. The definitions listed above are to be construed as broadly as possible to include the most information or documents responsive to the discovery requests propounded herein.

26. To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests.  If you or your attorneys claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

27. This discovery request is continuing.  In the event that any information or material responsive to any Interrogatory or request for production comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family

members, directors, or attorneys subsequent to the filing of your response, you are required to furnish the additional information, answers, or material to the opposing attorney as soon as possible.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name and address of all persons whom you know or believe to have personal knowledge or discoverable information, factual information, documents, photographs or audio or visual information pertaining to any fact that relates in any way to any issue in this case, including those persons who may have impeaching information.  For each such person, describe the subject or topic of the person's knowledge and identify whether you will call this person as a witness at trial.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify all persons you may or will call as a witness at the trial of this case including their current address, phone number and place of employment.

**ANSWER:**

**INTERROGATORY NO. 3:**  List each and every instance when you, or someone acting on your behalf, contacted, whether by phone, email or other written correspondence BNYM or Celink regarding the issues which are the subject of this suit and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please list each and every instance when BNYM, Celink, or someone acting on their behalf, contacted you in any manner regarding the issues which are the subject of this suit and, for each instance, state the date of such contact, the representative who made the contact and the substance of any such communication.

**ANSWER:**

**INTERROGATORY NO. 5:**  Identify each and every real property parcel, by street address and legal description, in which you have or had any partial or whole ownership interest from February 8, 2001 to date, including the dates when the ownership interest began and when it terminated, of applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**  Identify the date you first learned Christine Grooms took out the Loan, including in your answer the manner by which you discovered the existence of the Loan.

**ANSWER:**

**INTERROGATORY NO. 7:**  Identify the date of and manner by which you first learned you may have an ownership interest in the Property.

**ANSWER:**

**INTERROGATORY NO. 8:**  If you were married on January 17, 2006, identify your spouse and the dates of the marriage.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify each and every instance when you, or someone acting on your behalf, communicated with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. regarding the Loan or the Property and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each and every instance when you, or someone acting on your behalf, communicated with Edward Scoular, P.E. or Independent Foundation Engineers, Inc. regarding the Property and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify each and every instance when you, or someone acting on your behalf, communicated with a contractor regarding repairs for the Property and, for each instance, identify the contractor, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication

**ANSWER:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## REQUEST FOR DISCLOSURE TO
## THIRD-PARTY DEFENDANT PAULA GROOMS DAVIS

**To:    Third-Party Defendant Paula Grooms Davis, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Pursuant to Rule 194, you are requested by Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink to disclose within 30 days of service of this request, the information or materials described in Rule 194.2.

---



Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**

# I.
# INSTRUCTIONS

In answering this Request for Disclosure, be advised that pursuant to Rule 191.3(a) of the Texas Rules of Civil Procedure, your disclosure must be signed either (1) by an attorney, if you are represented by an attorney, and must show the attorney's State Bar of Texas identification number, address, telephone number, and fax number, if any, or (2) by you, if you are not represented by an attorney, and must show your address, telephone number, and fax number, if any.

Be further advised that pursuant to Texas Rule of Civil Procedure 191.3(b), the signature of any attorney or party on a disclosure constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.  Be further advised that, pursuant to Texas Rule of Civil Procedure 191.3(d), if the response to this Request for Disclosures is not signed, it must be stricken unless it is signed promptly after the omission is called to the attention of the party making the Request for Disclosures.

# II.
# REQUEST FOR DISCLOSURE

1.   Pursuant to Texas Rule of Civil Procedure 194.2(a) disclose the correct names of the parties to the lawsuit:

     **RESPONSE:**

2.   Pursuant to Texas Rule of Civil Procedure 194.2(b) disclose the name, address, and telephone number of any potential parties:

     **RESPONSE:**

3.   Pursuant to Texas Rule of Civil Procedure 194.2(c) disclose the legal theories, and in general, the factual bases of your claims or defenses.

     **RESPONSE:**

4.   Pursuant to Texas Rule of Civil Procedure 194.2(d) disclose the amount and any method of calculating economic damages:

     **RESPONSE:**

5.   Pursuant to Texas Rule of Civil Procedure 194.2(e) disclose the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case:

     **RESPONSE:**

6.  Pursuant to Texas Rule of Civil Procedure 194.2(f) for any testifying expert disclose the following:

    a.  The expert's name, address, and telephone number;
    b.  The subject matter on which the expert will testify;
    c.  The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
    d.  If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
        i.  All documents, tangible things, reports, models, or date compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
        ii. The expert's current resume and bibliography.

**RESPONSE:**

7.  Pursuant to Texas Rule of Civil Procedure 194.2(g) disclose any discoverable indemnity and insuring agreements:

**RESPONSE:**

8.  Pursuant to Texas Rule of Civil Procedure 194.2(h) disclose any discoverable settlement agreements:

**RESPONSE:**

9.  Pursuant to Texas Rule of Civil Procedure 194.2(i) disclose any discoverable witness statements:

**RESPONSE:**

10. Pursuant to Texas Rule of Civil Procedure 194.2(j) disclose all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills:

**RESPONSE:**

11. Pursuant to Texas Rule of Civil Procedure 194.2(k) disclose all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party:

**RESPONSE:**

12.     Pursuant to Texas Rule of Civil Procedure 194.2(l) disclose the name, address, and telephone number of any person who may be designated as a responsible third party:

        **RESPONSE:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| Plaintiff / Counter-Defendant, | § § | |
| v. | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| Defendants / Counter-Plaintiffs / Third-Party Plaintiffs, | § § § | |
| v. | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| Third-Party Defendants. | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANTS' REQUESTS FOR ADMISSIONS
## TO THIRD-PARTY DEFENDANT PAULA GROOMS DAVIS

**To:  Third-Party Defendant Paula Grooms Davis, c/o Jerry J. Jarzombek,** jerryjj@airmail.net, **6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Paula Grooms Davis, answer in writing and under oath the following Requests for Admissions within thirty (30) days from the date of service hereof. A failure to respond may result in deemed admissions.

**Exhibit L**

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**

## DEFINITIONS

1.   "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

2.   "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

3.   "Defendants" shall mean BNYM and Celink.

4.   "You," "Your," or "Yourself," means Third-Party Defendant Paula Grooms Davis, and your agents and representatives.

5.   The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

6.   "Third-Party Defendants" shall mean Jeffrey Ray Grooms, Individually, Paula Grooms Davis, and Michael Grooms.

7.   "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

8.   "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

9.   "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

10.  "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

11.  "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

12.     The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

13.     "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

14.     "Or" and "and" mean and/or.

15.     The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Admit that that you are not a party to the Loan.

**RESPONSE:**

**REQUEST NO. 2:** Admit the full and correct legal name of Ray Grooms is Jalmer Ray Grooms.

**RESPONSE:**

**REQUEST NO. 3:** Admit the full and correct legal name of Christine Grooms is Evelyn Christine Grooms.

**RESPONSE:**

**REQUEST NO. 4:** Admit the Affidavit of Heirship, recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988, contains the sole following real property description:

> LOT 19, 20, AND 21, MEADOW PARK ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-B, PAGE 209, PLAT RECORDS, TARRANT COUNTY, TEXAS.

**RESPONSE:**

**REQUEST NO. 5:** Admit that Christine Grooms entered into a *Texas Home Equity Conversion Loan Agreement* with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 6:** Admit Christine Grooms executed the Note on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 7:** Admit Christine Grooms executed the Deed of Trust on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 8:** Admit Christine Grooms executed an *Adjustable Rate Second Note (Home Equity Conversion)* on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 9:** Admit Christine Grooms executed an *Adjustable Rate Home Equity Conversion Second Deed of Trust* on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 10:** Admit Christine Grooms held herself out to be the sole owner of the Property when she entered into the Loan.

**RESPONSE:**

**REQUEST NO. 11:** Admit you knew about the Loan on January 17, 2006.

**RESPONSE:**

**REQUEST NO. 12:** Admit you consented to the Loan.

**RESPONSE:**

**REQUEST NO. 13:** Admit you consented to the Lien created by the Deed of Trust.

**RESPONSE:**

**REQUEST NO. 14:** Admit Christine Grooms died on May 2, 2018.

**RESPONSE:**

**REQUEST NO. 15:** Admit Christine Grooms died without a will and testament.

**RESPONSE:**

**REQUEST NO. 16:** Admit Defendants advanced funds to pay the *ad valorem* taxes on the Property in the amount of $404.05 on December 20, 2018.

**RESPONSE:**

**REQUEST NO. 17:** Defendants advanced funds to pay the *ad valorem* taxes on the Property in the amount of $464.96 on December 13, 2019.

**RESPONSE:**

**REQUEST NO. 18:** Admit Defendants have not foreclosed or sold the Property as of the date of your responses hereto.

**RESPONSE:**

**REQUEST NO. 19:** Admit you have not made any payments under the Loan Agreement.

**RESPONSE:**

CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO THIRD-PARTY DEFENDANT PAULA GROOMS DAVIS**

**To:** **Third-Party Defendant Paula Grooms Davis, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Paula Grooms Davis, produce for inspection, copying, or photographing the following described documents and/or tangible things. Said production and inspection is to be made at the office of Defendants' attorneys during regular business hours on or before thirty (30) days after service of

Exhibit M

these Requests for Production upon you. In the alternative, you may attach to your Response the original or duplicate of the documents and/or tangible things requested.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**

## DEFINITIONS AND INSTRUCTIONS

1.      The term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter, photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees. Please note that "document" is also used to include documents, information or data on computer storage, data on computer disks, data stored on computer backup, electronic mail messages and other electronic correspondence, disks, electronic or magnetic recordings, Internet transmissions, Intranet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and other information stored in, or accessible through computers, lap tops, hard drives, disks, or other information storage retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

2.      "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

3.      "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

4.      "Defendants" shall mean BNYM and Celink.

5.      "You," "Your," or "Yourself," means Third-Party Defendant Paula Grooms Davis, and your agents and representatives.

6.      The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

7.      "Plaintiff" shall mean and refer to Plaintiff/Counter-Defendant Jeffrey Ray Grooms, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased.

8.      "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

9.      "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

10.     "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

11.     "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

12.     "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

13.     The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

14.     "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

15.     "Or" and "and" mean and/or.

16.     The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

17.     "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint ventures, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

18.  "Relate" or "relating to" includes referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

19.  You are to supplement or amend the Responses you give to this Request for Production as required by the Texas Rules of Civil Procedure.

20.  You are required to produce all documents requested within your possession, custody or control.  Possession, custody or control includes constructive possession such that the person need not have actual physical possession.  As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

21.  If any document was, but is no longer, in your possession, custody or control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

22.  If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each document:

   a)  Identify the document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name and business address of its custodian.

   b)  Specify the precise nature of the privilege claimed.

23.  To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests.  If you or your attorneys claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

24.  This discovery request is continuing.  In the event that any information or material responsive to any Request comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family members, directors, or attorneys subsequent to the filing of your response, you are required to furnish the additional information, answers, or material to the opposing attorney as soon as possible.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  Produce all documents referenced in any of your responses to the Interrogatories from Defendants.

**RESPONSE:**

**REQUEST NO. 2:**  All documents which relate to the factual allegations in your First Amended Complaint, or any subsequent amendment or supplement thereto, including without limitation, written or recorded statements.

**RESPONSE:**

**REQUEST NO. 3:**  Each and every document, including records and emails, photographs, slides, pictures, videotapes, audiotapes, or other visual or graphic representations you intend to offer at the trial of this cause, including demonstrative exhibits.

**RESPONSE:**

**REQUEST NO. 4:**  Any and all documents which originated or emanated from BNYM and/or Celink, or which you contend would be construed as a document of Defendants that is in your possession, your attorney's possession, or the possession of anyone assisting you in this case.

**RESPONSE:**

**REQUEST NO. 5:**  All documents evidencing or reflecting any communication by and between you and BNYM or any representative of BNYM related to the Loan or the Property.

**RESPONSE:**

**REQUEST NO. 6:**  All documents evidencing or reflecting any communication by and between you and Celink or any representative of Celink related to the Loan or the Property.

**RESPONSE:**

**REQUEST NO. 7:**  All documents evidencing or reflecting any communication by and between you and Plaintiff related to the Loan or the Property.

**RESPONSE:**

**REQUEST NO. 8:**   All documents, checks, coupons, or other financial statements, reflecting or evidencing the date, time, and/or amount of any or all payments made for *ad valorem* taxes on the Property from January 17, 2006 to date.

**RESPONSE:**

**REQUEST NO. 9:**  With regard to all testifying experts that you intend to use in this case, all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony.

**RESPONSE:**

**REQUEST NO. 10:**  With regard to all testifying experts that you intend to use in this case, the expert's current resume, curriculum vitae, and/or bibliography.

**RESPONSE:**

**REQUEST NO. 11:**  Produce all information, materials, data compilations or documents reviewed or relied on in whole or in part by each expert whom you may call to testify at trial.

**RESPONSE:**

**REQUEST NO. 12:**  All the trial exhibits that you intend to use in this case.

**RESPONSE:**

**REQUEST NO. 13:**  All documents evidencing any alleged wrongdoing that you contend that BNYM and/or Celink engaged in.

**RESPONSE:**

**REQUEST NO. 14:**  All documents relating to or substantiating your claims for monetary damages.

**RESPONSE:**

**REQUEST NO. 15:**  All documents that constitute, evidence, refer or relate to any agreement or plan, whether oral or written, concerning any contingency fee arrangement and/or the payment of attorney fees in connection with this case.

**RESPONSE:**

**REQUEST NO. 16:**  All time records, including contemporaneous time sheets setting forth descriptions of the work performed on this case for which you or your attorneys will seek attorneys' fees.

**RESPONSE:**

**REQUEST NO. 17:** All documents evidencing or reflecting any communication by and between you and Plaintiff related to the Affidavit of Heirship.

**RESPONSE:**

**REQUEST NO. 18:** All documents that evidence, refer, or relate to any foreclosure proceeding against any Estate property, other than the subject Property at 801 Ala Drive, including any foreclosure proceeding that was threatened and/or anticipated but did not take place.

**RESPONSE:**

**REQUEST NO. 19:** All documents that evidence, refer, or relate to real property owned in whole or in part by Jalmer Ray Grooms prior to his death, other than the subject Property at 801 Ala Drive.

**RESPONSE:**

**REQUEST NO. 20:** All documents that evidence, refer, or relate to real property owned in whole or in part by Evelyn Christine Grooms prior to her death, subject Property at 801 Ala Drive.

**RESPONSE:**

**REQUEST NO. 21:** All notices of default, acceleration, or foreclosure that you received concerning the Property or Loan.

**RESPONSE:**

**REQUEST NO. 22:** All documents reflecting the payment, in whole or in part, of any debts, whether secured or unsecured, specifically from the proceeds of the Loan.

**RESPONSE:**

**REQUEST NO. 23:** If any funds/proceeds from the Loan were used to make repairs, changes, or improvements to the Property, produce all documents, checks, receipts, or other documentation reflecting same.

**RESPONSE:**

**REQUEST NO. 24:** Any and all documents tending to support your claim the original lender on the Loan, Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., had knowledge or was aware of Plaintiff's alleged interest in the Property as of January 17, 2006.

**RESPONSE:**

**REQUEST NO. 25:**  Any and all documents tending to support your claim Defendants had knowledge or were aware of Plaintiff's or Third-Party Defendants' alleged interest in the Property prior to the death of Evelyn Christine Grooms.

**RESPONSE:**

**REQUEST NO. 26:**  All documents that support your claim that "Defendants continue to make demands for payment despite not responding to the February 19, 2019 dispute."

**RESPONSE:**

**REQUEST NO. 27:**  All documents that support your claim that not all owners of the Property and their spouses consented to the Deed of Trust lien.

**RESPONSE:**

**REQUEST NO. 28:**  All documents that support your claim that Defendants intended to abuse you or cause a serious upset of your daily life.

**RESPONSE:**

## CAUSE NO. 2018-PR02471-1-A

| | | |
|---|---|---|
| **JEFFREY RAY GROOMS, Independent Administrator the Estate of Evelyn Christine Grooms, Deceased,** | § § § § | **IN THE PROBATE COURT** |
| **Plaintiff / Counter-Defendant,** | § § | |
| **v.** | § § | |
| **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, and COMPU-LINK CORPORATION dba CELINK,** | § § § § § § § | **NO. 1** |
| **Defendants / Counter-Plaintiffs / Third-Party Plaintiffs,** | § § § | |
| **v.** | § § | |
| **JEFFREY RAY GROOMS, Individually, PAULA GROOMS DAVIS, and MICHAEL GROOMS,** | § § § § | |
| **Third-Party Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANTS' FIRST INTERROGATORIES TO
## THIRD-PARTY DEFENDANT PAULA GROOMS DAVIS

**To:    Third-Party Defendant Paula Grooms Davis, c/o Jerry J. Jarzombek, jerryjj@airmail.net, 6300 Ridglea Place, Suite 610, Ft. Worth, TX 76116.**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust, and Compu-Link Corporation d/b/a Celink ("Defendants") hereby request that Third-Party Defendant Paula Grooms Davis, answer in writing and under oath the following set of Interrogatories within thirty (30) days from the date of service hereof.

---



Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

*Attorneys for Defendants/Counter-Plaintiffs/*
*Third-Party Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic service on January 11, 2021 on the following counsel of record:

JoAnn H. Means
joann@pulshaney.com
PULS HANEY LYSTER PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

Jerry J. Jarzombek
jerryjj@airmail.net
The Law Office of Jerry Jarzombek, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, TX 76116
*Counsel for Plaintiff/Counter-Defendant/Third-Party Defendants*

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**

## DEFINITIONS AND INSTRUCTIONS

1.  The term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter, photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees. Please note that "document" is also used to include documents, information or data on computer storage, data on computer disks, data stored on computer backup, electronic mail messages and other electronic correspondence, disks, electronic or magnetic recordings, Internet transmissions, Intranet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and other information stored in, or accessible through computers, lap tops, hard drives, disks, or other information storage retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

2.  "BNYM" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust.

3.  "Celink" shall mean Defendant/Counter-Plaintiff/Third-Party Plaintiff Compu-Link Corporation d/b/a Celink,

4.  "Defendants" shall mean BNYM and Celink.

5.  "You," "Your," or "Yourself," means Third-Party Defendant Paula Grooms Davis, and your agents and representatives.

6.  The "Estate" means the Estate of Evelyn Christine Grooms, Deceased.

7.      "Plaintiff" shall mean and refer to Plaintiff/Counter-Defendant Jeffrey Ray Grooms, Independent Administrator of the Estate of Evelyn Christine Grooms, Deceased.

8.      "Communication" shall mean and refer to any mode of communication, including but not limited to conversations, correspondence, telephone conversations, facsimiles, and e-mail or other electronic communications.

9.      "House" and "Property" shall mean and refer to the real property and residence located at 801 Ala Drive, White Settlement, Texas 76108 and more particularly described as:

> LOT 11 AND THE NORTH 12 FEET OF LOT 10, BLOCK 13 OF MCDONNELL ADDITION TO THE CITY OF WHITE SETTLEMENT, TARRANT COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 388-11, PAGE 29, PLAT RECORDS, TARRANT COUNTY, TEXAS.

10.     "Loan Agreement" shall mean and refer to that certain *Texas Home Equity Conversion Loan Agreement* signed by Christine Grooms with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. on January 17, 2006.

11.     "Note" shall mean and refer to the *Adjustable Rate Note (Home Equity Conversion)* signed by Christine Grooms in the original principal amount of up to a maximum of $133,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. and bearing interest at the rate of 5.8700% per annum.

12.     "Deed of Trust" shall mean and refer to the *Adjustable Rate Home Equity Conversion Deed of Trust* signed by Christine Grooms, as grantor, granting a security interest in the Property to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., its successors and assigns, recorded in the Official Public Records of Tarrant County, Texas under Instrument No. D206032197.

13.     The "Loan" shall mean and refer collectively to the Loan Agreement, Note, Deed of Trust, and money borrowed by Christine Grooms pursuant to such documents.

14.     "Affidavit of Heirship" shall mean and refer to the Affidavit of Heirship recorded in the Official Public Records of Tarrant County, Texas at Instrument No. D201272988

15.     "Or" and "and" mean and/or.

16.     The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

17.     "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint ventures, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

18.    "Relate" or "relating to" includes referring to, mentioning, reflecting, containing, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, opposing, constituting or being a draft, copy or summary of, in whole or in part.

19.    As to any Interrogatory that you refuse to answer or are unable to answer in whole or in part, for any reason, please state the grounds for your refusal or inability to answer. When you believe that a complete answer to a particular Interrogatory or part thereof is not possible, please answer each Interrogatory to the extent possible and furnish a statement explaining: (a) the reason for your inability to answer further; and (b) whatever information or knowledge you have concerning the unanswered portion.

20.    Furnish all information available to you and known by you, or in your possession, care, custody or control, or possession, care, custody, or control of your agents and/or attorneys, or appearing in your records.

21.    You shall supplement your answers or other responses to these Interrogatories.

22.    Should you exercise your option to produce business records in response to an Interrogatory, you shall specify with particularity the location and identity of the business records where the information requested is found.  Such production of documents does not satisfy the obligation to answer an Interrogatory if information within the scope of the Interrogatory other than that contained in the documents is available to you.

23.    You shall quote each Interrogatory in full immediately preceding the corresponding response.  Each answer, objection, or response to the Interrogatories shall be identified by the same number and subpart of the corresponding Interrogatory and shall appear in the same order as the corresponding Interrogatory.  Subparts of each Interrogatory shall be answered separately to avoid overlooking part of the question.

24.    If a document responsive to any Interrogatory has been lost, mutilated, or destroyed, so state and identify each such document, and state to which Interrogatory(ies) the document would have been responsive.

25.    The definitions listed above are to be construed as broadly as possible to include the most information or documents responsive to the discovery requests propounded herein.

26.    To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests.  If you or your attorneys claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

27.    This discovery request is continuing.  In the event that any information or material responsive to any Interrogatory or request for production comes to your attention, possession, custody, or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, family

members, directors, or attorneys subsequent to the filing of your response, you are required to furnish the additional information, answers, or material to the opposing attorney as soon as possible.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name and address of all persons whom you know or believe to have personal knowledge or discoverable information, factual information, documents, photographs or audio or visual information pertaining to any fact that relates in any way to any issue in this case, including those persons who may have impeaching information.  For each such person, describe the subject or topic of the person's knowledge and identify whether you will call this person as a witness at trial.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify all persons you may or will call as a witness at the trial of this case including their current address, phone number and place of employment.

**ANSWER:**

**INTERROGATORY NO. 3:**  List each and every instance when you, or someone acting on your behalf, contacted, whether by phone, email or other written correspondence BNYM or Celink regarding the issues which are the subject of this suit and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please list each and every instance when BNYM, Celink, or someone acting on their behalf, contacted you in any manner regarding the issues which are the subject of this suit and, for each instance, state the date of such contact, the representative who made the contact and the substance of any such communication.

**ANSWER:**

**INTERROGATORY NO. 5:**  Identify each and every real property parcel, by street address and legal description, in which you have or had any partial or whole ownership interest from February 8, 2001 to date, including the dates when the ownership interest began and when it terminated, of applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**  Identify the date you first learned Christine Grooms took out the Loan, including in your answer the manner by which you discovered the existence of the Loan.

**ANSWER:**

**INTERROGATORY NO. 7:**  Identify the date of and manner by which you first learned you may have an ownership interest in the Property.

**ANSWER:**

**INTERROGATORY NO. 8:**  If you were married on January 17, 2006, identify your spouse and the dates of the marriage.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify each and every instance when you, or someone acting on your behalf, communicated with Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. regarding the Loan or the Property and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each and every instance when you, or someone acting on your behalf, communicated with Edward Scoular, P.E. or Independent Foundation Engineers, Inc. regarding the Property and, for each instance, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify each and every instance when you, or someone acting on your behalf, communicated with a contractor regarding repairs for the Property and, for each instance, identify the contractor, state the date of such contact, who made the contact on behalf; the representative who was contacted, the identity of all persons present or with knowledge of each communication and the substance of any such contact or communication

**ANSWER:**